UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRUCE MARTIN CONSTRUCTION, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:10CV205 SNLJ ) |
| CTB, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court pursuant to defendant's Motion for Judgment on the Pleadings, #29. The motion has been fully briefed and is ripe for disposition.

**I.    Background**

Plaintiff is a Missouri dealer and installer of Brock Harvest-Time grain bins and grain bin unloading systems purchased from defendant, an Indiana farm equipment manufacturer and marketer. Plaintiff's second amended complaint, filed on September 1, 2011, claims breach of express warranty, negligent misrepresentation, and negligence relating to allegedly defective grain bin power sweep augers, machinery installed within grain bins to automatically unload the grain within the bin.[1] Plaintiff alleges that it purchased at least seventy-nine unloading systems from defendant between 2005 and 2008 and that it sold and installed the systems to its customers throughout the region. The grain bin unloading system employs a self-propelled power sweep augur, which rotates around the bottom of the grain bin to expel the grain. Plaintiff alleges that a

---

[1] This action was originally filed in Missouri state court and removed to this Court.

-1-

large number of its customers have reported that the systems do not work properly and that it has had to replace the systems for its customers at significant expense. Plaintiff further alleges that the failure of defendant's grain unloading system to perform as warranted has exposed plaintiff's customers to a risk of danger and increased labor costs associated with the manual operation of the system.

Defendant has moved for judgment on the pleadings with regard to plaintiff's negligent misrepresentation and negligence claims, Counts II and III of plaintiff's second amended complaint, asserting that those claims are barred by Missouri's economic loss doctrine. Thereafter, plaintiff moved to voluntarily dismiss its negligence claim, Count III, which motion was granted. Because Count III has already been voluntarily dismissed, the Court solely considers Count II, plaintiff's claim for negligent misrepresentation.

**II.     Standard**

Ordinarily, the standard for consideration of a motion for judgment on the pleadings is the same as considered in ruling on a motion to dismiss. *St. Paul Ramsey Cty. Med.Ctr. v. Pennington Ct.*, 857 F.2d 1185, 1187 (8th Cir.1988). Federal Rule of Civil Procedure 12(c) requires the court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[ ], drawing all inferences in [its] favor." *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir.2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir.2006)). A motion for judgment on the pleadings under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir.2010); *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir.2009) (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).

In this diversity action, the Court applies the substantive law of the state in which the district court sits. *Urban Hotel Dev. Co. v. President Dev. Co., L.C.*, 535 F.3d. 874, 877 (8th Cir. 2008); *Roemmich v. Eagle Eye Dev. L.L.C.*, 526 F.3d. 343, 348 (8th Cir. 2008). In the present case, Missouri substantive law applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (court assumes Missouri law controls where both parties relied on Missouri law).

**III.  Discussion**

At issue in defendant's motion is whether Missouri's economic loss doctrine precludes negligent misrepresentation claims. Defendant argues that Count II of plaintiff's second amended petition, alleging negligent misrepresentation, should be dismissed because Missouri's economic loss doctrine precludes all claims sounding in tort arising solely from the sale of defective products where there has been no personal injury or property damage. Plaintiff contends that, but for defendant's negligent misrepresentations, plaintiff never would have purchased the defective equipment, and that the Missouri Supreme Court has not yet decided whether the economic loss doctrine bars negligent misrepresentation claims related to defective products. Plaintiff points to *B.L. Jet Sales, Inc. v. Alton Packaging Corp.* in support of its argument, where the Missouri Court of Appeals upheld a plaintiff's negligent misrepresentation claim notwithstanding the economic loss doctrine because it found that negligent misrepresentation falls within "a different category" of tort claims. 724 S.W.2d 669, 673 (Mo. App. 1987).

Missouri's economic loss doctrine "prohibits a cause of action in tort where the losses are

purely economic." *Rockport Pharmacy, Inc. v. Digital Simplistics, Inc.*, 53 F.3d 195, 198 (8th Cir. 1995). The doctrine was set out by the Missouri Supreme Court in *Crowder v. Vandendeale*, where, in an action by a subsequent home purchaser against the home builder to recover damages for latent structural defects, the court held that the purchaser's suit under an implied warranty theory of recovery was an adequate remedy. 564 S.W.2d 879, 884 (Mo. 1978). The court accordingly barred the plaintiff's attempt to recover on his second theory of recovery based on the builder's failure to use ordinary care. *Id.* The Missouri Supreme Court thus "indicated that liability in tort is only appropriate in cases in which recovery is sought for 'personal injury, including death or property damage . . . .'" *Self v. Equilon Enterprises, L.L.C.*, 2005 WL 3763533, *8 (E.D. Mo. March 30, 2005), *unpublished*, quoting *Crowder*, 564 S.W.2d at 884; *see also R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 828-29 (8th Cir. 1983).

The economic loss doctrine was judicially created to "protect the integrity of the UCC bargaining process," and to prevent tort law from "altering the allocation of costs and risks negotiated by the parties." *Self*, 2005 WL 3763533 at *8 (quoting *Marvin Lumber and Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873, 882 (8th Cir. 2000)). As this Court has recently observed, "given the availability of warranties, the courts should not ask tort law to perform a job that contract law might perform better." *Onebeacon Ins. Co. v. Deere & Co.*, 778 F.Supp.2d 1005, 1008 (E.D. Mo. 2011) (quoting *Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 880 (1997). Missouri's economic loss doctrine "grew out of claims of tort which were alleged against builders of home, or instances where a plaintiff sought to hold a manufacturer or distributor of a product liable in tort . . . ." *Autry Morlan Chevrolet, Cadillac, Inc. v. RJF Agencies, Inc.*, 332 S.W.3d 184, 194 (Mo. App. 2010). Thus, application of the doctrine appears

appropriate here, where negligence claims are sought in addition to a breach of warranty claim for an alleged product defect.

State and federal case law relating to the economic loss doctrine in Missouri is fairly complex and somewhat contradictory.  Some Missouri's courts have recognized specific exceptions where the doctrine does not apply in cases involving a fiduciary relationship or negligent rendition of professional services, public duty, and some real property rights.  When an action revolves around an interest in real property, for instance, "the court must consider both the nature and source of the duty alleged to have been violated and the plaintiffs' rights in the property" to determine whether the doctrine applies. *In re Genetically Modified Rice Litigation*, 666 F.Supp.2d 1004, 1016 (E.D. Mo. 2009) (citing *Miller v. Big River Concrete, L.L.C.*, 14 S.W.3d 129 (Mo. App. 2000)).  Thus, a close examination of plaintiff's allegations is necessary in order to determine whether its claims fall into a recognizable exception to Missouri's economic loss doctrine.

Plaintiff's allegations and both parties' pleadings fully demonstrate that this case involves a merchant-to-merchant sale and purchase of an allegedly defective product that has caused no injury or damage to itself or other property.  Other judges in this District have clarified the application of the economic loss doctrine, so that, in an action "involving a commercial transaction between merchants, a fraud claim to recover economic losses must be independent of the contract or such claim would be precluded by the economic loss doctrine." *Self*, 2005 WL 3763533 at *11; *Zoltek Corp. v. Structural Polymer Group*, 2008 WL 4921611, *4 (E.D. Mo. Nov. 13, 2008), *cf. Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 895 (8th Cir.

2010).[2]  In *Self*, the plaintiffs, retail gas station operators, sued defendant, a seller of gasoline, for breach of contract, fraudulent suppression, fraudulent misrepresentation, tortious interference, and other violations of law.  *Id.* at *3, *8.  This Court ruled that since the fraud claims at issue in *Self*, other than the fraudulent suppression claim, were "not above and beyond any mere disappointed commercial expectations or desire to enjoy the benefit" of the contracts and that the substance of the tort claims was "for recovery of losses arising out of the parties contractual relationships," they were barred by the economic loss doctrine.  *Id.* at *11.

Plaintiff seeks support for its position that its negligent misrepresentation claim should be allowed notwithstanding the economic loss doctrine in *B.L. Jet Sales, Inc. v. Alton Packaging Corp.*, 724 S.W.2d 669 (Mo. App. 1987).  In that case, the Missouri Court of Appeals held that the plaintiff's negligent misrepresentation claim for an airplane repair service provider's failure to document the repairs it had made pursuant to federal regulations was "in a different category from, and is not resolved by, the cases cited by [the defendant]" that such a claim was barred by the doctrine.  *Id.* at 673.  The court, however, did not set forth the cases interpreting the economic loss doctrine that the parties had argued or included any analysis of the applicable case law on that point.  Without the state court's analysis regarding the authority it considered, this Court is

---

[2]On appeal, the Eighth Circuit, in affirming the District Court on other grounds, commented that the *Self* and *Zoltek* Court's prediction of what the Missouri Supreme Court would do was "somewhat doubtful" in light of a 2000 Missouri Court of Appeals decision, which permitted a tort claim regardless of the economic loss doctrine in an action involving an interest in real property.  *Zoltek*, 592 F.3d at 895 (citing *Miller*, 14 S.W.3d at 134), *but see id.* at 896 ("The economic loss doctrine has found favor in many areas, and I believe the Missouri Supreme Court would apply the doctrine in cases similar to the instant controversy.") (Bright, J., concurring).  Because *Miller* involved property rights, this Court concludes that the Eighth Circuit's apparent hesitancy toward the *Self* and *Zoltek* interpretation of the economic loss doctrine is not a concern here.

unable to adopt its position, especially since the Missouri Supreme Court has not addressed this issue and that adopting that position would limit the Supreme Court's prior holding. *See Jackson v. Anchor Packing Co.*, 994 F.2d 1295, 1301 (8th Cir. 1993) (when the state's highest court had not addressed an issue, a federal court's "task was to predict how [that court] would resolve the issue if confronted with it"); *see also Self*, 2005 WL 3763533 at *11 ("In a diversity case, it may be both imprudent and improper for a federal court to expand substantive liability under state law.").

Moreover, the facts of *B.L. Jet Sales* are distinguishable from the case at issue here. In *B.L. Jet Sales*, the plaintiff purchased a used airplane from defendant Alton Packaging Corp., which airplane had previously been repaired and serviced by a second defendant, who was not in privity with the plaintiff, for significant fuel tank corrosion repairs that actually caused further corrosion. 724 S.W.2d at 670. Plaintiff sued both defendants for breach of warranty and sued the second defendant for negligent misrepresentation for failing to log and disclose the repairs it had made to the airplane, which disclosure was required by federal regulations, industry practices, and its own practices. *Id.* at 670-71. In the instant case, defendant CTB is the seller/marketer of the grain bin unloading system, not a service provider for the bins, and the plaintiff has not alleged a similar non-disclosure independent from the contract, only that defendant knew that its product would be used to unload regionally grown grains, and it failed to ensure the accuracy of its product claims and warranty. Clearly, the transaction here involved a merchant-to-merchant sale and purchase of an allegedly defective product. The state court's ambiguous legal analysis, coupled with the disparity of the factual issues presented, simply prevent the application of *B.L. Jet Sales* here.

Plaintiff further argues that its negligent misrepresentation claim should be allowed under the public duty provision of the Restatement (Second) of Torts § 552(3) (1977) as applied in *B.L. Jet Sales*. 724 S.W.2d at 672. The Court finds plaintiff's argument unpersuasive. For the reasons set forth above, *B.L. Jet Sales* is distinguishable from the facts and legal issues in this case, and plaintiff has failed to provide sufficient reasoning and authority to warrant application of the Restatement's provision in a pure product defect context. Moreover, the state court held that the aircraft service provider in *B.L. Jet Sales* was under an obligation pursuant to federal aviation regulations to disclose the aircraft repairs at issue and that those regulations created a public duty. 724 S.W.2d at 672-73. No such public duty appears to have been created here, where plaintiff merely alleges that the product defect creates a hazardous environment to the operator if he or she chooses to manually operate the bin unloader in disregard of its operating instructions. Thus, the Court will not extend a public duty negligent misrepresentation exception to the economic loss doctrine here.[3]

Plaintiff finally argues that the Court should allow its negligent misrepresentation claim to proceed pursuant to *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818 (8th Cir. 1983). In that case, the plaintiff raised claims of negligent design and manufacture of the goods

---

[3]The Court notes that Missouri courts have recognized a further exception to the economic loss doctrine allowing a properly pled tort claim where a special or fiduciary relationship existed between the parties to a contract. *Autry*, 332 S.W.3d at 193. Plaintiff has not argued that such a relationship existed between the parties or that this exception should apply. Moreover, the existence of a business relationship, alone, does not give rise to either a fiduciary relationship or a presumption that such a relationship exists. *Id.* at 194. Without particularized allegations of such a relationship, the exception to the economic loss doctrine does not apply here. *Autry*, 332 S.W.3d at 193-94; *Owen Continental Development, L.L.C. v. Village Green Management Co.*, 2011 WL 5330412, *3 (E.D. Mo. Nov. 4, 2011), *unpublished*, (negligence claim could not be dismissed where plaintiff alleged defendant owed it a duty to perform its management duties with care); Fed. R. Civ. P. 9(b).

sold to defendant and fraudulent inducement/misrepresentation to enter a contract in addition to its breach of warranty claims. *Id.* at 825-26, 829-30. The Eighth Circuit analyzed Missouri's "somewhat unclear and conflicting" case law at the time and affirmed the District Court's dismissal of the negligence claim pursuant to Missouri's economic loss doctrine despite a contrary state court of appeals decision. *Id.* at 826 (examining *Groppel Co. v. United States Gypsum Co.*, 616 S.W.2d 49 (Mo. App. 1981)). The Court held that, based upon the weight of Missouri authority,

> recovery in tort is limited to cases in which there has been personal injury, or property damage either to property other than the property sold, or to the property sold when it was rendered useless by some violent occurrence, precludes [plaintiffs] from pursuing a negligence cause of action seeking recovery for only economic loss.

*Id.* at 828-29 (internal quotations omitted). The Eighth Circuit reversed the dismissal of the plaintiff's fraudulent inducement claim because it found that section 400.2-721 of the Uniform Commercial Code did not require an application of a four-year statute of limitations. *Id.* at 829-30. Unlike *Shatterproof*, plaintiff Bruce Martin has claimed negligent misrepresentation, not fraudulent inducement or misrepresentation. Thus, *Shatterproof* is not applicable in the context plaintiff argues, and plaintiff has not explained why it should apply.

### IV.   Conclusion

As set forth above, a claim for negligent misrepresentation is barred by Missouri's economic loss doctrine in a merchant-to-merchant sale of allegedly defective goods where there has been no personal injury or damage to property and the plaintiff seeks recovery for only economic loss. *Id.* at 828-29; *Self*, 2005 WL 3763533 at *9; *Crowder*, 564 S.W.2d at 884; *Glaxosmithkline Consumer Healthcare v. ICL Performance Products*, 2008 WL 880173, *2

(E.D. Mo. March 31, 2008), *unpublished*.  Therefore, the Court will grant defendant's motion as it applies to Count II of plaintiff's second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment on the pleadings, #29, is GRANTED in part and that COUNT II of plaintiff's second amended complaint, #22, is DISMISSED.  Defendant's motion as it relates to Count III is DENIED as moot.

Dated this 6th of March, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE